UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 09-20234-CIV-MORENO

ANTOINETTE VINCENZO and JOHN VINCENZO,

    Plaintiffs,

vs.

CARNIVAL CORPORATION and MIAMI-DADE COUNTY,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant Miami-Dade County's Motion to Dismiss for Lack of Subject Matter Jurisdiction (**D.E. No. 17**). Plaintiff Antoinette Vincenzo suffered a fall at the Port of Miami and brought suit against Carnival Corporation pursuant to Maritime and Admiralty jurisdiction and against Miami-Dade County pursuant to supplemental jurisdiction over common law negligence. Defendant Miami-Dade County argues that there is lack of admiralty jurisdiction because the injury took place after the Plaintiffs had permanently departed the ship and were moving through the port of Miami. The Court agrees that it lacks subject matter jurisdiction over this matter and therefore the motion to dismiss is granted.

### FACTUAL BACKGROUND

Plaintiffs are residents of Palm Beach, Florida. Upon completing a four day cruise on the vessel Carnival Imagination, Antoinette Vincenzo "tripped and fell while stepping down a large step" while exiting the "port area of terminal D." Consequently, Plaintiffs filed an Amended

Complaint alleging negligence by Carnival Corporation and Miami-Dade County.

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

In the case of a motion to dismiss for lack of subject matter jurisdiction, "the burden to establish the existence of subject federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). The Eleventh Circuit has ruled that a motion to dismiss for lack of subject matter jurisdiction is a facial attack that "requires the court merely ... look and see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction." *Stalky v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008).

## DISCUSSION

The United States Constitution authorizes federal courts to hear "all Cases of admiralty and maritime Jurisdiction." U.S. Const. art. III, § 2, cl. 1. However, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson v. Shinseki*, __ U.S. __, 131 S. Ct. 1197, 1202 (2012). Where a plaintiff invokes admiralty jurisdiction over a tort claim, he "must satisfy the conditions of both location and connection with maritime activity." *Grubert v. Great Lakes Dredge & Dock, Co., et al.*, 513 U.S. 527, 534, 115 S. Ct. 1043 (1995). The location test discerns "whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water." *Id.* (Citing 46 U.S.C. App. § 740). The connection issue uses a two-part test to determine jurisdictional sufficiency, requiring (1) whether the incident has a potentially disruptive impact on maritime commerce; and (2) whether "the general character of the activity giving rise to the incident shows a substantial relationship to maritime activity." *Id.* (quoting *Sisson v. Ruby*, 491 U.S. 358, 364, 110 S. Ct. 2892 (1990).

The Plaintiffs allege the fall and resulting injury took place while "exiting the port area at terminal D." Since the Plaintiffs concede they were not on the boat or navigable water, it must be determined if the injury was caused by the vessel. "[M]aritime law . . . ordinarily treats an 'appurtenance' attached to a vessel in navigable waters as part of the vessel itself." *Id.* at 535; *see also Victory Carrier, Inc. v. Law*, 404 U.S. 202, 210-211, 92 S.Ct. 418, 30 L.Ed. 2d 383 (1971). The question then becomes whether or not the port area at terminal D is an appurtenance of the Carnival Imagination. As previously reasoned in the Southern District of Florida, "an appurtenance is any specifically identifiable item that is destined for use aboard a specifically

identifiable vessel and is essential to the vessel's navigation, operation, or mission." *Gonzalez v. M/V Destiny Panama*, 102 F. Supp.2d 1352, 1356 (S.D. Fla. 2000). Even viewing Plaintiffs' claims in the most favorable light afforded them, the "port area at terminal D" cannot be considered for use aboard the Carnival Imagination, nor can it be considered essential to the vessel's navigation, operation, or mission. Since the location condition for such jurisdiction is not satisfied, Plaintiffs are unable to successfully invoke admiralty jurisdiction for a tort claim. It is not necessary to address the injury's connection to maritime activity.

Plaintiffs argue that the cruise ticket provides a contractual requirement that they file suit against Carnival Corporation in federal court and such forum selection is valid and enforceable. Plaintiffs provided their cruise ticket as evidence of this contract and in support of their argument that venue is proper. The complete language in the ticket, as noted by both parties, states:

> Except as provided in Clause 12(d) below, it is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits in which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country.

Plaintiffs are correct that this language is valid. Since this federal court lacks subject matter jurisdiction, the remainder of the contract provides that Plaintiffs must file suit in Miami-Dade County, Florida.

Plaintiffs are unable to establish admiralty jurisdiction over Carnival Corporation or Miami-Dade County. Therefore, reliance on 28 U.S.C. § 1367 in order to extend supplemental jurisdiction over a state law tort claim is moot, as no subject matter jurisdiction exists.

## CONCLUSION

**ADJUDGED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED as to both Defendant Carnival Corporation and Miami-Dade County. All other pending motions are DENIED as moot. The Plaintiffs are free to sue in the state courts of Miami-Dade County.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th day of April, 2012.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record